(Decided February 10th, 1898).

---

## WM. H. KNOWLES *vs.* THE STATE OF MARYLAND.

*Practice of Dentistry—When Certificate from State Board of Examiners is Necessary—Act of 1896, ch. 378.*

Code, Art. 32, required all persons of a certain class practising dentistry in this State to obtain certificates from the State Board of Examiners. The Act of 1896, chap. 378, repealed and re-enacted this statute with amendments and provided by sec. 12, that it should not be construed so as to interfere with the rights of "persons holding certificates duly issued to them prior to the passage of this Act." *Held,* that this exemption applies only to certificates issued by the Board of Examiners of this State under the Code, and that a person holding a certificate issued by the Dental Board of another State is not entitled to practise dentistry in this State unless he complies with the provisions of the Act of 1896.

Appeal from the Criminal Court of Baltimore. After a

verdict of guilty was rendered, a motion for a new trial was overruled by the Supreme Bench of Baltimore City.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ. (Jan. 18, 1898).

*Albert S. J. Owens*, for the appellant.

*Harry M. Clabaugh, Attorney-General,* and *E. P. Keech, Jr.,* for the appellee, submitted the cause on their brief.

BRISCOE, J., delivered the opinion of the Court.

The record in this case shows that the appellant was indicted and convicted in the Criminal Court of Baltimore City for unlawfully practising dentistry, without having obtained from the State Board of Dental Examiners a certificate authorizing him to practise, as required by the Act of 1896, chap. 378.

The question presented on the appeal involves a construction of this Act, and arises upon a bill of exception taken to the ruling of the Court in rejecting as evidence a certificate of qualification and registration issued by the Board of Dental Examiners of the State of Ohio. The Act of 1896 declares that it shall be unlawful for any person to practise dentistry in the State of Maryland without first obtaining a certificate as provided by the Act. And by section 12 of the same Act certain classes of persons are excepted from its operation. This section provides that nothing in this Article shall be so construed as to interfere with the rights and privileges of resident physicians and surgeons, or *with persons holding certificates issued to them prior to the passage of this Act,* and dental students operating under the immediate supervisions of their instructors in dental infirmaries or dental schools chartered by the General Assembly of Maryland.

Now it is admitted that the appellant did not have a certificate from the Maryland State Board of Dental Examin-

ers authorizing him to practise, but it is contended that he is within the exception óf section 12 of the Act, in that he holds a certificate duly issued to him by the Dental Board of the State of Ohio.   Whether he can be considered to be within this exception depends upon the meaning and effect to be given to that part of the 12th section, which reads, "or with persons holding certificates duly issued to them prior to the passage of this Act."   And in reference to this, we are of the opinion that it was the intention of the Legislature to confine the Act of 1896, in its application, to certificates which had been issued by the Dental Board of this State, under Article 32 of the Code of Public General Laws, and to save all certificates which had been previously issued thereunder, without giving the Act any extra territorial force.

It also appears that the Act of 1896 is simply a repeal and re-enactment with amendments of Article 32 of the Code and its language, taken in connection with the previous legislation on this subject, shows conclusively that the Act refers only to certificates issued by the Board of Dental Examiners of the State, and not to those issued by other States.   And this construction, we think, is fully sustained by reference to the seventh section of the Act itself, which provides that a temporary certificate for a specified time may be issued by the officers of the board to any applicant holding a regular dental diploma duly registered by a board of dental examiners created by the laws of any one of the United States, but no such certificate shall be issued for any longer time than until the next regular meeting of the board.

It follows, then, that there was no error in the rejection of the testimony offered on the part of the appellant, and for the reasons we have given the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided February 10th, 1898).